**IN THE UNITED STATES DISTRICT COURT IN AND FOR THE MIDDLE DIVISION TAMPA, FLORIDA**

**CARLOS RAMOS**

    Plaintiff,

v

    Case No.

**SWEETFROG ENTERPRISE, LLC**

    Defendant,

**DEMAND FOR JURY**

_____/

**TCPA COMPLAINT FOR STATUTORY DAMAGES, INJUNCTIVE RELIEF  DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff alleges that Sweetfrog Enterprise, LLC (SELLC) or a party acting in its behalf, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA) when it sent over (22) unsolicited telemarketing or advertising text messages, without the Plaintiff's prior express *written* consent, to Plaintiff's cellular phone number ending in 6125.

2. These unsolicited advertising text messages were an unwelcome distraction, a nuisance, and an invasion of Plaintiff's privacy.



1

3. Pursuant to 47 U.S.C. § 227 *et seq.* Plaintiff is entitled to, *inter alia*, to statutory damages and injunctive relief for Defendant's violations.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C § 1331, 1337 and 47 U.S.C 227(b)(3). *See* Mims v Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue is proper because RAMOS is a resident of Hernando County, FL and the Defendant's unsolicited and unlawful advertising text messages were sent to the Plaintiff cellular telephone number who is a legal resident of Florida. Furthermore, Plaintiff is a national franchise with multiple locations in a number of states including the state of Florida, See: https://sweetfrog.com/locations/store-list

## PARTIES

5. Plaintiff is, and all times relevant to this case was, a Florida resident of the County of Hernando. The Defendant is and at all times relevant to this case, a Limited Liability Corporation with its headquarters located in 10800 Midlothian Turnpike, Suite 300 Richmond, VA 23235. Plaintiff states that the Defendant is a *"person"* as defined in 47 U.S.C. § 153.

6. At this point, Plaintiff is unaware if there are other parties with an agent relationship whom acted in behalf of the Defendant and reserves the right to amend his complaint if and when other parties identity becomes available.

## **GENERAL ALLEGATIONS**

7. On or about October 04, 2017, Plaintiff visited Defendant's place of business, located at Spring Hill, FL 34606 and purchased some yogurt. When Plaintiff approached the cashier to pay for his yogurt the cashier verbally asked the Plaintiff if he would like to become a *"FROGGER"* and receive discounts on future purchases. Then the cashier asked for the Plaintiff's cellular phone number which the Plaintiff verbally gave to her.

8. That same day or a couple of days after, Plaintiff received an advertising text message stating: *"Sweetfrog-Spring Hill: Thanks for Joining sweetFrog! Max 4 Msg per Mo. Complete your profile @ http://c-g.co/q8qFy8zMO for a free Bday Cup! Reply STOP to END. N"*. By offering a *"free"* BDay Cup the Defendant was marketing their product to the Plaintiff without the legally required express written consent to call and/or contact the Plaintiff by sending telemarketing and/or advertising texts messages to Plaintiff's cellular phone and all subsequent advertising and/or telemarketing text messages violated section 227(b)(1)(A) by sending these unsolicited advertising text messages without the required prior express *written* consent of the Plaintiff.

9. The Plaintiff continues to receive these unsolicited advertising text messages even after sending two fax messages: (1) to the company's headquarters; (2) to the company's registered agent requesting that the company stopped sending advertising/telemarketing text messages to his cellular phone number and the Defendant ignored Plaintiff's request and continued its marketing campaign to Plaintiff's cellular phone number.

10. Upon information and belief, Plaintiff alleges that his cellular number was entered into a database and that the Defendant uses equipment capable of storing the cellular phone numbers, equipment with the capacity of dialing these numbers *'en masse'* and without human intervention.

11. At no time did the Defendant gave his prior express <u>written</u> consent authorizing the Defendant or an agent acting in its behalf, to send telemarketing or advertising text messages to his cellular telephone number; especially, telemarketing and/or advertising text messages transmitted using an automatic telephone dialing system (ATDS).

12. Plaintiff alleges that the initial and all subsequent text messages included a telemarketing or an advertisement message. The TCPA regulations defines "advertisements" as any material advertising the commercial availability or quality of any products, goods, or services and "telemarketing" as the initiation of a …message for the purpose of encouraging the purchase or

rental of, or investment in, property, goods, or services. See 47 C.F.R. §64.1200(f)(1) and (12).

13. Plaintiff cellular number has been registered in the FTC *"do-not-call"* registry since October 23, 2017.

> National Do Not Call Registry - Your Registration Is Confirmed                           Yahoo/Inbox
>
> Verify@DonotCall.gov                                                                      Jan 15 at 2:52 PM
> To: cisco3280@yahoo.com
>
> Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 6125 on October 23, 2016. Most telemarketers will be required to stop calling you 31 days from your registration date.
>
> Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.
>
> Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

14. Plaintiff states that he has never had an established business relationship with the Defendant, and restates that he has not given his prior express written consent to the Defendant.

15. All advertising text messages sent to the Plaintiff's cellular phone number are also in violation of the C.F.R 47 § 64.1200 *et seq*.

16. As a consequence of sending these advertising text messages to Plaintiff's cellular number, it interfered with the normal use of Plaintiff's cellular phone, depleted the cellular phone battery, occupied the internal limited storage space of Plaintiff's cellular phone, the text messages were an unwelcome distraction, a nuisance and an invasion of Plaintiff's privacy.

17. The Defendant's actions were done knowingly and/or willfully because the Co. is legally required to scrub the *"do-not-call"* registry on a regular basis to avoid contacting persons who registered their phone number in this registry in addition of having a consumer's prior express written consent. Based on the FCC's Declaratory Ruling and Order (FCC 15-72), adopted on June 18, 2015 and released on July 10, 2015; the following language must be included:

> *The agreement must be in writing; • The agreement must bear the signature of the person who will receive the advertisement/telemarketing calls/texts; • The language of the agreement must clearly authorize the seller to deliver or cause to be delivered ads or telemarketing messages via autodialed calls or robocalls/robotexts; • The written agreement must include the telephone number to which the person signing authorizes advertisements or telemarketing messages to be delivered; and • The written agreement must include a <u>clear and conspicuous</u> disclosure informing the person signing that: ˙ By executing the agreement, the person signing authorizes the seller to deliver or cause to be delivered ads or telemarketing messages via autodialed calls or robocalls/robotexts; and The person signing the agreement is not required to sign the agreement (directly or indirectly), or agree to enter into such.*

18. Plaintiff states that each unlawful text message may violated the TCPA and its regulations multiple times. Plaintiff states that the Defendant violated the TCPA by sending unsolicited advertising/telemarketing text messages to the Plaintiff's cellular phone number without the express written consent of the Plaintiff.

19. Plaintiff argues that the Defendant also violated the FCC/FTC's "do-not-call" (DNC) regulations when the Defendant transmitted advertising text messages

to the Plaintiff's cellular phone number, a number which has been registered in the FTC's DNC registry since September 2016, therefore; (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.

*https://www.manatt.com/uploadedFiles/Content/5_News_and_Events/Newsletters/Telephone_Consumer_Protection_Act/LaryvTrinityPhysicianFinancialInsuranceServices.pdf*

## COUNT ONE

## INVASION OF PRIVACY NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *et seq.*

20. Plaintiff incorporates Paragraphs 1 to 19 above as it's fully set forth herein.
21. Defendant transmitted over (22) unsolicited telemarketing/advertising text messages to the Plaintiff's cellular telephone number using an ATDS which sends advertising text messages "en masse" without the prior express written consent of the Plaintiff.
22. Plaintiff respectfully request that the court awards Plaintiff statutory damages of 500.00 per each unlawful advertising/telemarketing text message sent to Plaintiff's cellular phone number.

23. These violations were an invasion of Plaintiff's privacy rights, were a nuisance and an unwelcomed inconvenience. Each unlawful text message depleted the cellular battery charge, occupied space of the Plaintiff's cellular phone limited storage capacity, interfered with Plaintiff's normal use of his cellular phone, in addition; each text message received wasted the assigned number of pre-paid text messages allowed under Plaintiff's calling plan.

24. Plaintiff violated the FTC's DNC regulations, as a result each unlawful text violated the TCPA and its regulation twice per each text message sent.

25. Plaintiff respectfully request that this court awards twice the statutory damages per each of the unlawful advertising text messages sent.

26. Plaintiff actions were willful and knowingly as the Defendant or a party acting in its behalf, were aware that they had not obtained the legally required express written consent by the subscriber of the cellular phone number, a direct violation of the TCPA.

## COUNT TWO

27. Plaintiff incorporates Paragraphs 1 to 19 above as it's fully set forth herein

28. Defendant is legally required to scrub the FTC's DNC registry to avoid contacting people who have registered their cellular phone number with the

FTC's DNC registry, as a result defendant violated the FCC/FTC's DNC regulations.

## COUNT THREE

29. Plaintiff incorporates Paragraphs 1 to 19 above as it's fully set forth herein.

30. Plaintiff alleges that the Defendants actions were willful and/or knowingly for sending its unlawful advertising text messages using an ATDS without obtaining Plaintiff's prior express written consent; furthermore, Plaintiff also violated the FTC/FCC's DNC regulations by sending telemarketing/advertising text messages to a number registered in the DNC registry.

31. Plaintiff respectfully request that this court awards treble damages per each knowing and willful advertising text message sent to Plaintiff's cellular telephone number.

## RELIEF

32. Plaintiff respectfully request that this court awards the statutory amount for each violation and to award treble damages for each unlawful advertising text message that the court deems was sent knowingly and/or willfully. Violating the TCPA and corresponding regulations.

33. Plaintiff request that this court order the Defendant to stop sending unlawful advertising text messages to Plaintiff's cellular number.

Respectfully Submitted,

Carlos Ramos
6168 Layton Ave
Spring Hill, FL 34608
charlie.ramos@gmail.com